Filed 4/24/26  P. v. Salas CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086061 |
| Plaintiff and Respondent, | (Super. Ct. No. FSB18002597) |
| v. | |
| ENRIQUE FRAUSTO SALAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In March 2019, a jury convicted Enrique Frausto Salas of premeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a) & 664; count 1) and of assault with a deadly weapon (§ 245, subd. (a)(2); count 2).  It also found true

---

[1]     All undesignated statutory references are to the Penal Code.

that Salas, in committing these offenses against Christopher D., (1) personally used a firearm (§ 12022.53, subd. (b)); (2) personally and intentionally discharged a firearm (*id.*, subd. (c)); (3) intentionally discharged a firearm causing great bodily injury (*id.*, subd. (d)); (4) inflicted great bodily injury (§ 12022.7, subd. (a)); and in a bifurcated trial, (5) suffered a prior serious felony (§ 667, subd. (a)(1)).[2]

At Salas's sentencing in December 2020, as to count 1 the trial court imposed (1) the indeterminate term of life imprisonment with a minimum parole eligibility of 14 years, plus a consecutive term of 25 years to life for the firearm allegation (§ 12022.53, subd. (d)); and (2) stayed the (i) upper term of three years on the great bodily injury allegation (§ 12022.7, subd. (a)) and (ii) additional terms for the remaining firearm enhancements (§ 12022.53, subds. (b) & (c)).

As to count 2, the trial court imposed and stayed (1) the upper term of four years (§ 245, subd. (a)(2)), doubled due to the strike prior; and (2) the terms of three and 10 years for the great bodily injury (§ 12022.7, subd. (a)) and firearm (§ 12022.5, subd. (a)) enhancements, respectively.

Finally, the trial court (1) imposed a consecutive five year term for Salas's prior strike conviction (§ 667, subd. (a)(1)); (2) struck the one year prior prison enhancement (§ 1170.12, subd., (c)(1)); and (3) imposed a (i) $300 restitution fine (§ 1202.4, subd. (b)(1)) and (ii) matching $300 parole revocation fine (§ 1202.45, subd. (a)).

---

[2]    The jury, however, did not reach a verdict on the gang enhancement (§ 186.22, subd. (b)(1)(C)) as to counts 1 and 2.  In response to the prosecution's motion, the trial court dismissed the gang enhancement in the interest of justice.

In April 2023, we reversed Salas's sentence and remanded the cause for resentencing based on the new sentencing laws enacted by the Legislature following his original sentencing. (See *People v. Salas* (Apr. 20, 2023, D078838) [nonpub. opn.] (*Salas I*).)[3]

Salas now appeals from his resentencing. His court-appointed counsel filed a brief raising no issues but seeking our independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We informed Salas of his right to file a supplemental brief but he did not respond. Based on our independent review of the record, as supplemented, we find no reasonably arguable appellate issues and affirm the judgment.

## STATEMENT OF FACTS[4]

In the afternoon of July 7, 2018, Christopher D., a known gang member, was outside a mobile home park in Yucaipa, California. Salas, a member of a rival gang, walked across the street and shot Christopher D. three times. (*Salas I,* D078838.) Christopher D. fell, then stood back up. Salas, identified as the shooter by multiple witnesses, then ran back to the middle of the street and shot Christopher D. three more times, leaving him paralyzed from the waist down.

## RESENTENCING

After multiple continuances, the trial court conducted Salas's resentencing hearing on April 15, 2025. In preparation for the hearing, it reviewed the parties' briefs and re-reviewed "the court file, including the

---

[3]     On our own motion, we take judicial notice of this court's prior opinion in *Salas I.* (See Evid. Code, §§ 452, subd. (d) & 459, subd. (a).)

[4]     A full summary of the facts of this case is set out in *Salas I*, D078838.

court of appeal opinion [in *Salas I*] and the probation report originally dated April 24th, 2019." The court recognized the discretion "it now has that it didn't have at the prior sentencing" under sections 1385 and 12022.53, subdivision (h); and commended Salas for his efforts while incarcerated, including taking advantage of various prison programs.

After hearing the argument of counsel, the trial court denied Salas's motion to strike the prior serious or violent felony conviction, finding he "continues to be a danger to public safety based on the prior record and the current case." (See § 1385, subd. (c)(2); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).) In reaching its decision, the court noted Salas had prior convictions from 2016 in separate cases for robbery and assault by means of force likely to produce great bodily injury, which resulted in prison terms; and shortly after his release from prison, he committed the current offenses, where he initially shot the victim three times and "when he saw the victim was still alive and was able to move, he advanced and shot him three more times."

The trial court, however, (1) struck the five year term for the prior strike conviction under the Three Strikes law (§ 667, subd. (a)(1)); (2) reduced the upper term sentence on count 2 to the middle term of three years, doubled due to the strike prior, which it stayed; and (3) reimposed (i) the restitution fine of $300, less any payments that Salas already had made, and (ii) the matching parole revocation fine, which it stayed.

## DISCUSSION

As stated, Salas's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking us to review independently the record for error. To assist our review under *Anders, supra,* 386 U.S. at pp. 744–745, counsel identified four issues she considered in

4

evaluating the potential merits of this appeal:  whether the trial court erred when it:  (1) imposed the consecutive sentence of 25 years to life on count 1 (see § 12022.53, subd. (d)), rather than a lesser sentence for a lesser charged or uncharged firearm enhancement; (2) denied Salas's request to strike his prior strike under *Romero, supra*, 13 Cal.4th 497; (3) imposed the middle and not the low term on count 2; and (4) required him to serve a term of at least 14 years before becoming eligible for parole.

We reviewed the entire record as required by *Wende* and *Anders* and discovered no arguable issues for reversal on appeal.  Competent counsel has represented Salas in this appeal.

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


DO, J.


HUFFMAN, J.*

---

*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.